**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4232**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GABRIEL ALEJANDRO MORENO-FARFAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, District Judge.  (8:16-cr-00296-TMC-4)

Submitted:  December 31, 2018                             Decided:  January 11, 2019

Before THACKER and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

G. Wells Dickson, Jr., WELLS DICKSON, PA, Kingstree, South Carolina, for Appellant. Daniel Josev Brewer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel Alejandro Moreno-Farfan pled guilty to conspiring to possess with the intent to distribute and to distribute 50 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012), and the district court sentenced Moreno-Farfan to 70 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal but questioning whether the district court erred in allowing Moreno-Farfan to withdraw his motion to substitute counsel. Although notified of his right to do so, Moreno-Farfan has not filed a pro se supplemental brief. We affirm the conviction and sentence and remand to correct a clerical error in the judgment.[*]

Because Moreno-Farfan withdrew his motion to appoint counsel, he has waived the issue, thereby rendering it unreviewable on appeal. *See United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014). Thus, we may only review whether he knowingly and voluntarily withdrew his motion. *Id.* at 298-99. Moreno-Farfan informed the district court that he was withdrawing this motion voluntarily and knowingly and had not been coerced into doing so. To the extent counsel on appeal questions whether trial counsel provided ineffective assistance, counsel's ineffectiveness does not appear on the face of

---

[*] Moreno-Farfan pled guilty to conspiracy, but the judgment failed to mention 21 U.S.C. § 846, the applicable conspiracy statute. We therefore remand the case so that the district court may amend the judgment to reflect that Moreno-Farfan pled guilty to violating 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. *See* Fed. R. Crim. P. 36.

the record and thus Moreno-Farfan should raise this claim, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

As to Moreno-Farfan's sentence, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We conclude that Moreno-Farfan's sentence is procedurally and substantively reasonable. The district court adopted the parties' Guidelines stipulation, and Moreno-Farfan withdrew his other objections to his Guidelines range at the sentencing hearing. *See Robinson*, 744 F.3d at 298. While Moreno-Farfan argued for a sentence below the Guidelines range, the court concluded that a within-Guidelines sentence was appropriate in light of the seriousness of the offense, the need to protect the public, and Moreno-

3

Farfan's history and characteristics. We conclude that Moreno-Farfan fails to overcome the presumption of reasonableness accorded to his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment but remand to correct a clerical error. This court requires that counsel inform Moreno-Farfan, in writing, of the right to petition the Supreme Court of the United States for further review. If Moreno-Farfan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moreno-Farfan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*